VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00088



| E. Washington St. DRB Appeal |
|---|

## ENTRY ORDER

Title:        Motion for Judgment (Motion: 1)

Filer:        Thomas C. Bixby, Esq.

Filed Date:   March 10, 2025

No response filed.

**The matter is DISMISSED. The motion is MOOT.**

In this matter, Susan Kelley appeals a decision of the City of Rutland (City) Development Review Board (DRB) denying her appeal of the City Zoning Administrator's issuance of a permit to Frederick Watkins for a home occupation for cannabis cultivation. Ms. Kelley served Mr. Watkins with her notice of appeal. Mr. Watkins did not file a notice of appearance in this matter and did not appear until the final pre-trial conference in this matter, held on February 26, 2025 via the WebEx platform.[1] Because of Mr. Watkins' late appearance, the Court then canceled the trial and directed Mr. Watkins to either file a notice of appearance as a self-represented party or have an attorney representing him file their notice of appearance.

On March 5, 2025, Mr. Watkins e-mailed the Court and Ms. Kelley's counsel stating that he "do[es] not wish to pursue this matter any further." See Motion Ex. Thus, that Ms. Kelley "wins by default." Id. On March 10, 2025, Ms. Kelley moved for default judgment, citing this email, and requesting the Court void the permit and grant default judgment in her favor.

The Court interprets the March 5, 2025 email as a withdrawal of the application giving rise to the decision on appeal. Withdrawal of an application deprives this Court of jurisdiction over the appeal. See In re Lakeview Inn Conditional Use Permit, No. 193-10-09 Vtec, slip op. at 2 (Vt. Super.

---

[1] This pre-trial conference was set following a January 6, 2025 status conference. At this conference, the parties and Court discussed Mr. Watkins' failure to participate in this appeal of his permit application. The Court directed Ms. Kelley's counsel to file proof of service of her appeal, which was filed. The Court then directed the parties to file their unavailable dates for trial. The Court then set the matter for a final pre-trial conference and trial, filing a courtesy copy with Mr. Watkins and directing Ms. Kelley's counsel to ensure duplicative service was made upon Mr. Watkins. This was completed.

Ct. Envtl. Div. Nov. 24, 2010) (Durkin, J.) (citing In re Appeal of O'Donnell, Nos. 50-2-00 Vtec, 199-9-00 Vtec, slip op. at 2 (Vt. Envtl. Ct. Apr. 20, 2001) (Wright, J.); In re S.N., 2007 VT 47, ¶ 9, 181 Vt. 641). When an application is withdrawn, the Court regards an approval appealed from as moot and the permit issued below to be void without force or effect. Id. (citation omitted). Thus, we conclude that the application has been withdrawn and this matter must be **DISMISSED** as the Court lacks jurisdiction over the appeal. See V.R.C.P. 12(h)(3) (requiring this Court to dismiss an action sua sponte "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . ..". The DRB's decision that is the subject of the appeal is therefore **VOID**. Because of this, Ms. Kelley's motion for default judgment is **MOOT**.

This concludes the matter before the Court. A Judgement Order accompanies this Entry Order.

Electronically signed this 14th day of May 2025, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division